## Richmond

Bernard Bridgers, Jr. v. Commonwealth of Virginia.

November 30, 1970.

Record No. 7292.

Present, All the Justices.

*Gay E. Milius, Jr.,* for plaintiff in error.

*William P. Robinson, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Snead, C.J., delivered the opinion of the court.

On November 28, 1966, Bernard Bridgers, Jr., age 17, was indicted by a grand jury of the Circuit Court of the City of Virginia Beach for the unlawful and felonious wounding of David Robertson. The crime charged in the indictment occurred on July 26, 1966 when Robertson was stabbed in the back and arm. He positively identified Bridgers as the one who stabbed him in the arm. At the trial on February 21, 1967 Bridgers, who was represented by court-appointed counsel, pleaded guilty to the offense charged in the indictment, and the court after hearing evidence sentenced Bridgers to a term of five years in the State Penitentiary. There is no showing in the record that the trial court inquired whether the guilty plea was voluntarily and intelligently made.

As a result of a habeas corpus proceeding this court granted

Bridgers leave to apply for a delayed appeal. On September 5, 1969 we awarded him a writ of error to the judgment of conviction.

Bridgers contends that his constitutional rights were violated because his plea of guilty was accepted by the trial court without a showing in the record that the plea was voluntary and intelligent.

In support of his contention Bridgers relies on *Boykin* v. *Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In that case the Supreme Court held it was reversible error for a trial judge to accept a plea of guilty without an affirmative showing on the record that the plea was voluntarily and intelligently entered. As indicated above, the record before us is silent as to whether Bridgers' plea of guilty was voluntary and intelligent. If *Boykin* applies to this case, Bridgers' contention is correct. However, Bridgers' plea of guilty was made prior to June 2, 1969, the date *Boykin* was decided. Thus, the decisive question is whether *Boykin* should be given retroactive application.

The Supreme Court has established three criteria for determining whether a new constitutional ruling should be applied retroactively. These criteria are: the purpose of the new rule, the extent of reliance on the old rule, and the effect on the administration of justice the new rule would have. *Desist* v. *United States*, 394 U.S. 244, 89 S.Ct. 1030 22 L.Ed.2d 248 (1969), *Stovall* v. *Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Based on these criteria we hold that *Boykin* should not be applied retroactively. *Boykin* did not enunciate the constitutional requirement that guilty pleas be voluntary and intelligent. This requirement was already well recognized. *Boykin* merely established a new rule that the record show on its face that the guilty plea was voluntarily and intelligently made. A substantial number of valid guilty pleas have been accepted in the past without an adequate showing on the record that they were voluntary. The majority of convictions are based upon guilty pleas, and it would severely disrupt the administration of justice if the Commonwealth had to retry otherwise valid "guilty plea" convictions simply because the record is silent as to the voluntariness of the plea. Therefore, *Boykin* v. *Alabama*, *supra*, is controlling only if a defendant's plea of guilty was accepted after June 2, 1969. Since Bridgers' guilty plea was accepted before that date, the holding in *Boykin* is not applicable to his plea.

*Boykin* was preceded by *McCarthy* v. *United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), a case similar to *Boykin* in

that it also reversed a conviction based upon a guilty plea. However, the holding in *McCarthy*, as expressly stated by the Court, was based solely upon construction of Rule 11 of the Federal Rules of Criminal Procedure and not on constitutional grounds as was *Boykin*. Rule 11 according to *McCarthy* requires the district judge to inquire personally into the defendant's understanding of the nature of the charge and the consequences of his plea, and to satisfy himself that there is a factual basis for the plea. Failure to comply with Rule 11 is reversible error and the defendant is allowed to plead anew. The Court said there were two purposes of Rule 11. First, it assists the district judge in his determination of the voluntariness of the plea and second, it provides a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.

Although the holding in *McCarthy* is based upon construction of Rule 11 and the holding in *Boykin* is based upon constitutional grounds of due process, the basic purpose of both decisions is essentially the same, *i.e.*, that the record affirmatively show the plea was voluntarily and intelligently entered. In *Halliday* v. *United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) the Supreme Court held that *McCarthy* was not applicable to guilty pleas entered before April 2, 1969, the date *McCarthy* was decided. In holding that *McCarthy* was not retroactive, the Court applied the same criteria for determining retroactivity that we apply to *Boykin* today.

Our conclusion that *Boykin* is not retroactive is further supported by similar holdings in other jurisdictions. It was held in *Hughes* v. *Rundle*, 419 F.2d 116 (3rd Cir. 1969) that *Boykin* v. *Alabama, supra*, should not be applied retroactively. California, Illinois and Pennsylvania are among several states that have expressed the same view. *In Re Tahl*, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (1969), *People* v. *Williams*, 44 Ill.2d 334, 255 N.E.2d 385 (1970), *Commonwealth* v. *Godfrey*, 434 Pa.532, 254 A.2d 923 (1969).

Accordingly, the judgment appealed from is

*Affirmed.*