RODGERS, Presiding Justice:
The appeal in this case is from the final order of the Circuit Court of Lamar County, Mississippi, denying a new trial upon a petition for a writ of error coram nobis dated April 7, 1971. The appellant’s suspended sentence was revoked on January 12, 1971, because he “committed the crime of possession of LSD and marijuana in Forrest County, Mississippi.”
The petition for the writ of error coram nobis alleges that the petitioner pleaded guilty to the charge of grand larceny in 1968 and was sentenced to serve a term of three years in the State Penitentiary, and that the sentence was suspended and the petitioner was placed on parole for a period of five years. He now claims that he did not have a lawyer to represent him; that he was a minor; that the value of the “alternator” found in his possession was less than the value required to show grand larceny; and that he did not understand his plea of guilty to mean that he could be imprisoned in the State Penitentiary. He *771 alleges that he did not realize the lawyer who stated that he would represent him was undertaking to act for him; that he was an indigent and that the failure of the Court to appoint counsel for him nullified his plea of guilty since the trial judge did not explain the gravity and consequence of his guilty plea.
The only record of the proceedings prior to the judgment and sentence of the appellant was found upon the docket of the trial judge. It appears that on January 9, 1969, the trial judge entered on his docket in Cause No. 5275 the following words:
“With his attorney, Honorable W. E. Andrews present, defendant arraigned in open court, entered plea of guilty, sentenced to serve a term of three (3) years in the state penitentiary, placed on probation and parole for five (5) years.”
The judgment of the trial court entered in Cause No. 5275, wherein the appellant was arraigned and sentenced, contains the following language:
“This day into open court came the District Attorney who prosecutes for the State of Mississippi, and came also Barry Carlton in his own proper person and represented by counsel and was lawfully arraigned upon an indictment lawfully returned by the Grand Jury of Lamar County, said State, charging the said defendant with the crime of grand larceny. And being duly advised of all his legal and constitutional rights in the premises and being further advised of the consequences of such a plea the defendant did then and there enter his plea of guilty to said indictment.”
Nevertheless, and without regard to the judgment of the trial court, the appellant introduced evidence to show that the attorney who appeared for him was not employed by him and that he did not understand the consequence of his guilty plea. The former trial Circuit Judge was introduced as a witness for the State and he testified that he explained to the defendant the consequence of a guilty plea. He said the father of the appellant was standing by the defendant and his attorney at the time he was sentenced.
The attorney whose name appeared on the trial docket as the attorney for the defendant was called as a witness and testified that he explained to the defendant his constitutional rights before he was arraigned, and that he explained to the defendant the charge against him.
After hearing all the testimony the Circuit Judge held that the petitioner, appellant here, had not met the burden of proof by establishing his claim set out in his petition for a writ of error coram nobis.
On appeal to this Court the appellant insists that the record fails to show that the defendant was made aware of the gravity of the charge against him and, therefore, under the rule established in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969) appellant should have been granted a new trial on his application for a writ of error coram nobis.
In the first place, Boykin, supra, is an entirely different record of facts from the judgment in the instant case. In Boykin, supra, the defendant was charged in five indictments for the crime of robbery. He was arraigned in open court in the presence of his attorney and pled guilty to all five charges. The record does not show what inquiries were made by the arraigning judge to determine that the plea was made voluntarily and knowingly. The judgment simply recited that:
“This day in open court came the State of Alabama by its District Attorney and the defendant in his own proper person and with his attorney, Evan Austin, and the defendant in open court on this day being arraigned on the indictment in these cases charging him with *772 the offense of robbery and plead guilty.” (395 U.S. at 245, Fn. 1, 89 S.Ct. at 1713.)
In the instant case the judgment affirmatively shows that he was properly advised as to his rights and also as to the consequence of his guilty plea. In the second place, if the facts in the Boykin- case, supra, were similar to the facts in the instant case, it would nevertheless be inapplicable to the present case, because the rule in Boykin, supra, is not retroactive. Boykin, supra, only applies to pleas taken after June 2, 1969, the date of that decision. The plea of guilty in the instant case was made on February 5, 1969. See the cases cited in United States ex rel. Rogers v. Adams, 435 F.2d 1372 (2d Cir. 1970) and the following State cases: Anushevitz v. Warden, Nevada State Prison, 86 Nev. 191, 467 P.2d 115 (1970); Odle v. State, 241 So.2d 184 (Fla.App.1970); Bridgers v. Commonwealth, 211 Va. 370, 177 S.E.2d 526 (1970); In re Tahl, 1 Cal. 3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (1969); People v. Williams, 44 Ill.2d 334, 255 N.E.2d 385 (1970); Commonwealth v. Godfrey, 434 Pa. 532, 254 A.2d 923 (1969).
The appellant argues, however, that this Court adopted the Boykin rule in Alexander v. State, 226 So.2d 905 (Miss.1969), wherein we cited Boykin, supra, and stated:
“We think that the same standard must be applied to determining whether a guilty plea is voluntarily made.” 226 So.2d at 909.
The guilty plea was entered in October, 1967, in the Alexander case, supra, and was thus prior to Boykin, supra.
This Court has required the trial judges to determine that guilty pleas were voluntarily made for many years. See Bullock v. Harpole, 233 Miss. 486, 102 So.2d 687 (1958).
The only change made by Boykin, supra, in our rule is that a record must be kept of the proceedings or that the State establish by proof that the guilty plea was voluntarily made.
We said in Alexander, supra, after stating that a transcript of the record of the proceedings was essential, that:
“ * * * However, this does not preclude other types of clear and convincing evidence which shows that accused voluntarily and understandingly elected to plead guilty. * * * ” 226 So.2d at 909.
It will be remembered that the judgment in Alexander, supra, was similar to the judgment in Boykin, supra. It did not show that the plea of guilty was made after his rights were fully explained to him. In the instant case the judgment does show that his rights were explained to him. Moreover, the testimony is clear and convincing and leaves no doubt that his plea was voluntarily made.
The contention that a minor cannot plead guilty is not well taken. The defendant was “about nineteen” years of age at the time and his father and his attorney were standing by his side when he entered his plea of “guilty”. When a minor is above the age when he is subject to the jurisdiction of the Youth Court he may enter a plea of “guilty” in the Circuit Court to an indictment charging him with a crime. Ellzey v. State, 196 So.2d 889 (Miss.1967).
An examination of the record in this case has led us to the conclusion that the trial judge was correct in holding that the petitioner was not entitled to a writ of error coram nobis granting a new trial on the facts shown. The judgment of the Circuit Court is, therefore, affirmed.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.