**Wayne A. GARRETT, Petitioner,**

v.

**Paul J. PUCKETT, Superintendent, Roanoke City Jail, Respondent.**

**Civ. A. No. 72-C-22-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 24, 1972.

Roger Stetter, Legal Aid Society of Roanoke Valley, Roanoke, Va., for petitioner.

Gilbert Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Wayne A. Garrett, formerly a state prisoner, pursuant to 28 U.S.C.A. § 2241.

On February 11, 1972, when petitioner filed his petition, he was serving a sentence of six months in Bland Correctional Farm, Bland, Virginia, pursuant to a

judgment of the Bland County Circuit Court, imposed on October 26, 1971, for assault and battery.

Petitioner contends that he was unable to employ a lawyer during the trial, that he was not told he was entitled to court-appointed counsel, and that he was convicted and sentenced without having had the assistance of defense counsel. He contends that he was entitled to counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

A motion was made by the Attorney General of Virginia to remove himself as counsel for the respondent, alleging that Section 2.1–121 of the Code of Virginia prevents him from accepting service on behalf of said respondent. This motion was opposed by petitioner, who contends that he was transferred from Roanoke City Jail to Bland Correctional Farm, that the proper respondent for the action is John Gathright, Superintendent of Bland Correctional Farm, and that it is proper for the Attorney General to act as counsel for respondent. In this instance, petitioner initiated his writ of habeas corpus against Paul J. Puckett, Superintendent of Roanoke City Jail, on February 11, 1972, approximately four months after his conviction, and during which time he was being detained by respondent. On April 13, 1972, petitioner sought to deny the motion of the Attorney General to have himself removed as counsel, because of his transfer to Bland Correctional Farm. Petitoner states that he has been released since his original petition was filed, although he is still under probation which is subject to revocation.

■ Since no formal motion was made by petitioner to join Bland Correctional Farm in this action for writ of habeas corpus, nor does the court have evidence of when petitioner served there, and since petitioner is now no longer serving there, the court must grant the Attorney General's motion to remove himself as counsel for respondent, which in this instance remains Paul J. Puckett, Superintendent of Roanoke City Jail. The Roanoke City Jail is not a state agency within the purview of Section 2.-1–121 of the Code of Virginia, and therefore does not require representation by the Attorney General of Virginia.

■ While petitioner has not exhausted his state remedies, there is evidence to indicate that the state habeas corpus procedure would not be currently available to him. The Virginia Supreme Court has recently ruled that a prisoner whose sentence expired before a decision could be reached on his habeas corpus petition no longer presented the court with a litigable case. Blair v. Peyton, 210 Va. 416, 171 S.E.2d 690 (1970). In Marston v. Oliver, 324 F.Supp. 691, 693 (E.D.Va.1971), Judge Merhige held in a case similar to this one that resort to the state courts in such a situation would be futile and under such circumstances would not be required. Recently, the Virginia Supreme Court denied two original petitions for habeas corpus by misdemeanor convicts who went to trial without counsel. Hackette v. Royster, R 9863, mem. decis. (Va.Sup.Ct., June 19, 1969); Carter v. Gathright, R 9840, mem. decis. (Va.Sup.Ct., June 17, 1969). In view of these recent rulings and Marston v. Oliver, *supra*, it would be unproductive for this court to require petitioner to seek habeas relief from the Virginia Supreme Court.

■ Concerning the issue of whether this court should hear a habeas corpus claim after the petitioner has been released, Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), is the leading case, where in a unanimous decision the Supreme Court held that the writ of habeas corpus was available to test the constitutionality of a state conviction where the petitioner had been in custody when he applied for the writ, but was released before the Supreme Court could adjudicate his claims. Similarly, this court will hear the case on the merits even though petitioner has been released.

■■ When petitioner filed his petition, Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, (1972) had not yet been decided. *Argersinger* held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger v. Hamlin, *supra,* 407 U.S. 47, 92 S.Ct. 2012, 32 L. Ed.2d 530. Today, it is incumbent upon the courts, both state and federal, to supply counsel for any indigent defendant in a criminal trial, as part of a citizen's sixth amendment rights under the United States Constitution. When petitioner was tried, the state court was under no constitutional duty to supply counsel for misdemeanor cases, whereas now, under *Argersinger, supra,* state courts are required to supply such counsel for indigent misdemeanants. They were not in 1971 when petitioner was convicted and the new Supreme Court ruling cannot be applied retroactively to that date.

Duncan v. La., 391 U.S. 145, 159, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968) set the prevailing standard then that the right to trial by jury and the right to court-appointed counsel extended only to trials "for non-petty offenses punishable by more than six months imprisonment." State ex rel. Argersinger v. Hamlin, Fla., 236 So.2d 442, 443. In this instance, petitioner was tried and convicted of simple assault and battery, a misdemeanor punishable by a fine and up to twelve months in jail. Therefore, an argument could be made that this was a non-petty offense within the meaning of *Duncan, supra.*

■ However, the distinguishing point between this case and Marston v. Oliver, *supra,* which involved a grant of habeas corpus after a one-year sentence and $1,000 fine for driving on a suspended operator's license, imposed by a state court, is that petitioner in *Marston* repeatedly requested assistance of counsel and was denied it whereas in this case there is no evidence that petitioner made such a request. Here, petitioner claims he was not told that he was entitled to appointed counsel. However, the court is under no obligation to advise petitioner of the law and when he was tried, Virginia law did not require counsel to be appointed by the court for indigent misdemeanants. Therefore, the state court was not negligent in its duties.

■ While failure of a person charged with a crime to request a lawyer's aid does not constitute an effective waiver, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in this instance it must be held that failure by one charged with a misdemeanor to request a lawyer does constitute an effective waiver, for there was no duty on the courts to furnish counsel for misdemeanants unless so requested.

■ Furthermore, petitioner alleges that he was unable to employ a lawyer at the time of his trial, but there is no evidence of this, nor did he seek assistance from the Legal Aid Society of Roanoke Valley, the counsel presently representing him in his petition.

Since petitioner made no request for a court-appointed lawyer, nor advised any court official of his indigency and his desire for counsel, this court orders that the petition for a writ of habeas corpus be dismissed and the relief denied.