George **HARGROVE**, #90619, Petitioner,

v.

A. E. **SLAYTON**, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 72–C–77–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 24, 1972.

Andrew P. Miller, Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by George Hargrove, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in the United States District Court for the Eastern District of Virginia on May 26, 1972, and by order dated May 26, 1972, was transferred to this court.

Petitioner is currently serving a sentence of thirteen years in the Virginia State Penitentiary, pursuant to a judgment of the Roanoke City Hustings Court, imposed on January 19, 1968, for grand larceny. The court imposed a two-year sentence which was added to time from two previous felony convictions, activated when parole was revoked because of this conviction.

This judgment resulted after a trial before a judge, in which the petitioner, represented by court-appointed counsel, entered a plea of not guilty.

Following his conviction, petitioner, on December 2, 1970, filed a petition for a writ of habeas corpus in the Roanoke City Hustings Court. The court dismissed the petition in an order dated April 21, 1971. Petitioner then filed with the same court, on April 27, 1971, a notice of appeal to the Virginia Supreme Court. No assignments of error were filed and the appeal was not perfected within the time allowed under the Rules of the Supreme Court of Virginia. [Rule 5:6 calls for filing a notice of appeal and assignments of error within 30 days after entry of final judgment]. The Roanoke Hustings Court, in an order dated October 26, 1971, denied petitioner's request for permission to file assignment of error and denied his appeal. Petitioner also contends that he filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on April 6, 1972, although this court has no record of the dismissal. In addition to the petition presently before this court, petitioner filed a motion for deposition on August 1, 1972, seeking information from several witnesses which petitioner alleges will prove their "undisguised hostility."

Petitioner alleges several errors in his petition: 1) the court failed to advise petitioner of his "rights" and failed to see if petitioner's counsel had advised him fully of all "rights;" 2) petitioner was denied a line-up; 3) the court issued a warrant to petitioner "or present of magistrate" to set bail, and "no receipt for personal effects nor warrants of arrest served; " 4) the petitioner was incompetent at the time the crime was committed; 5) petitioner received ineffective representation by counsel; and, 6) the judge excluded admissible evidence that petitioner's unconsciousness was a "complete defense."

Petitioner first alleges that the court failed to advise petitioner of his "rights" and failed to see if petitioner's counsel had advised him fully of all "rights." Petitioner nowhere states specifically what "rights" were denied. He pled not guilty to the charges and was represented by court-appointed counsel. Nothing in the trial record indicates that any of his fundamental rights were denied or that due process was violated in any way. Petitioner may be attempting to rely on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in which the Supreme Court reversed a state court decision because the defendant did not voluntarily and understandingly enter a plea of guilty. But in this case petitioner pleaded not guilty in his trial and was fully represented by counsel. The court was under no duty to inquire if petitioner's counsel had fully advised him of all rights. Furthermore, Bridgers v. Commonwealth, 211 Va. 370, 177 S.E.2d 526 (1970), holds that *Boykin, supra,* had no retroactive application. This court, therefore, concludes that petitioner's first allegation is without merit.

Petitioner claims that he was denied a line-up. However, there is no constitutional right to a line-up. In Fogg v. Commonwealth, 208 Va. 541, 159

S.E.2d 616 (1968), the defendant in a rape case claimed that his conviction was invalid and that he was denied due process of law because he was not selected by the prosecutrix out of a police line-up. The Supreme Court of Virginia held that "[w]hile a police line-up is recognized as one of the reliable methods of identifying an accused as the perpetrator of a crime or crimes, we are aware of no principle under which he is constitutionally entitled to such a line-up." Fogg v. Commonwealth, *supra*, 159 S.E.2d 620. There is, therefore, no merit to petitioner's second contention.

■ Petitioner also alleges "issuing warrant to petitioner or present of magistrate to set bail," and "no receipt for personal effects nor warrant of arrest served." However, these allegations are insufficient as a matter of law for the purpose which habeas corpus serves. Petitioner nowhere has shown he was denied his freedom without due process or in violation of his constitutional rights.

Petitioner impliedly alleges that he was incompetent at the time the crime was committed, based on a report prepared at Southwestern State Hospital. However, this allegation is insufficient as a matter of law as it relates to a theory of defense which was rejected by the trial court. A review of the record will disclose that petitioner was competent to stand trial.

■ Petitioner alleges that he received ineffective assistance of counsel in that counsel advised the petitioner to enter a plea of guilty in return for a recommendation of a sentence of one year to run concurrently with prior sentences. In view of the fact that petitioner pleaded not guilty and received a two-year sentence with a revocation of parole and reinstatement of past sentences, the court can only observe that the petitioner would have done well to take his counsel's advice.

This court can ascertain no ineffective representation by counsel in this case. The remainder of the petition relating to this allegation merely deals with sufficiency of the evidence or trial tactics and is insufficient as a matter of law.

■■ Petitioner further alleges that the judge excluded admissible evidence that petitioner's unconsciousness was a "complete defense." However, this allegation is being raised for the first time in this petition, and therefore petitioner has failed to exhaust his available state remedies in compliance with the provisions of 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). Although the court dismisses this allegation for failure to exhaust state remedies, the court, looking to the merits, observes that it is within the trial judge's discretion what evidence should be admitted and there is no reason for this court to believe that evidence of petitioner's unconsciousness, if admitted, would have changed the outcome of the trial. Therefore, it was within the trial judge's discretion to exclude such evidence.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied. This dismissal is without prejudice to the refiling of a petition on the claims not adjudicated here after he exhausts his available state remedies.

■ Petitioner's motion for deposition is also denied because petitioner's allegations that these witnesses showed "undisguised hostility and prejudice," even if proven by the depositions, would not change the outcome of the trial or have any bearing on a petition for writ of habeas corpus. Such depositions are insufficient as a matter of law for the purposes which habeas corpus serves.