**Steve S. WATSON**

v.

**UNITED STATES of America.**

**Civ. A. No. 2511.**

United States District Court, N. D. Georgia, Rome Division.

Nov. 17, 1972.

———◆———

Steve S. Watson, pro se.

### ORDER

O'KELLEY, District Judge.

The petitioner is a white male who was convicted in this Court in 1947 of the charge of rape in a national park. He was sentenced to a term of life imprisonment and has twice been released but recommitted as a parole violator. He is presently serving the life sentence imposed by this Court and also concurrently serving a sentence of 15 years imposed in the Western District of North Carolina.

Petitioner has filed a motion under the provisions of 28 U.S.C. § 2255 to vacate this Court's sentence and set its judgment of conviction aside. The alleged basis for the motion is that the grand and petit juries which indicted, tried and convicted the petitioner were unconstitutionally and unlawfully constituted since members of the Negro race were alleged to have been systematically excluded from jury service.

The Court required the United States to establish the race of the petitioner. No showing has been made nor is any required under this Order as to whether members of the Negro race were, in fact, systematically excluded from jury service.

■ The law has long been that a member of a minority group whose race

was systematically excluded from jury service was entitled to a new trial before a legally constituted jury. Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967). Not until recently has this principle been extended to include a person not a member of the excluded group. Peters v. Kiff, 407 U. S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972).

While a majority of the Court in Peters v. Kiff, *supra,* held that a white person indicted and convicted by juries from which blacks were systematically excluded was entitled to have the conviction set aside without a showing of actual bias, they did not hold that such a decision would be retroactive.

Three opinions were filed by the Court in the *Peters* case. Three justices participated in each opinion. While Justices White, Brennan and Powell concurred in the result, the concluding language of their opinion influences this Court. Justice White wrote:

> "I would implement the strong statutory policy of § 243, which reflects the central concern of the Fourteenth Amendment with racial discrimination, by permitting petitioner to challenge his conviction on the grounds that Negroes were arbitrarily excluded from the grand jury that indicted him. This is the better view, and *it is time that we now recognized it* in this case and *as the standard governing criminal proceedings instituted hereafter. . ."* [Emphasis Added]. pp. 506–507, 92 S.Ct. p. 2170.

█ It is obvious from reading the above language of the concurring triad with that of the dissenting triad that the majority of the Court does not apply this new constitutional pronouncement to any case other than the one decided and those instituted after the decision in Peters v. Kiff, *supra.* Since the petitioner was tried in 1947, it is then unnecessary to conduct a hearing to determine if, in fact, there was a systematic or arbitrary exclusion of Ne-

groes from the grand jury and petit jury in his case.

For the foregoing reasons, the petitioner's motion is denied and the case is dismissed.