# Richmond

KENNETH FRANK POTTS v. SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

November 27, 1972.

Record No. 8061.

Present, Snead, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Roland C. Woodward (Woodward & McCowan*, on brief), for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Kenneth Frank Potts appeals from a judgment order entered by the trial court on December 29, 1971, denying his petition for a writ of habeas corpus. The sole question for our determination is whether *Argersinger* v. *Hamlin*, 407 U.S. 25 (1972), requiring appointment of counsel for indigent defendants in certain misdemeanor cases, shall be given retrospective effect.

On March 11, 1968, Potts was tried by the Juvenile and Domestic Relations Court of the City of Richmond and convicted of willful failure to support his infant daughter. Pursuant to Code § 20-61 he was sentenced to a term of 12 months on the State Convict Road Force. Imposition of sentence was suspended on condition that Potts

comply with future court orders requiring support payments, post a surety bond in the penalty of $500 to secure future payments and pay certain extradition costs. When Potts failed to post the bond he was committed on April 22, 1968 to the Road Force, from which he soon escaped. On December 9, 1968, he was sentenced by the Corporation Court of the City of Newport News to serve five years in the penitentiary for two felonies and on May 2, 1969, he was sentenced by the Circuit Court of the City of Chesapeake to serve four years for another felony. Upon completion of these felony sentences Potts faces a return to the Road Force to complete his misdemeanor sentence.

Potts contends that his 1968 conviction by the Juvenile and Domestic Relations Court is void because he was denied his Sixth Amendment right to counsel. The Attorney General concedes that Potts was an indigent at the time of trial and that he was not represented by counsel. The Attorney General further concedes that if Potts had been tried subsequent to *Argersinger* he could not have been imprisoned, unless he was represented by counsel, absent a knowing and intelligent waiver. But the Attorney General urges that *Argersinger*, decided June 12, 1972, should be given only prospective effect. We agree.[1]

The question whether newly determined constitutional rights should be made retroactive has been given continuing consideration by the Supreme Court in recent years. *Linkletter* v. *Walker*, 381 U.S. 618 (1965), holding that the exclusionary rule as to unconstitutionally seized evidence, made applicable to the states by *Mapp* v. *Ohio*, 367 U.S. 643 (1961), shall operate only prospectively, established the principle that nonretroactivity is permissible in constitutional construction.

No definitive pattern can now be discerned that would mandate full retroactivity for all right to counsel cases and deny retroactivity in cases involving other constitutional rights. *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), decided before *Linkletter* and holding that counsel must be furnished to indigent defendants in felony cases, was given retroactive effect by *Pickelsimer* v. *Wainwright*, 375 U.S. 2 (1963). The requirement that counsel be furnished at some forms of arraignment, *Hamilton* v. *Alabama*, 368 U.S. 52 (1961), or on

---

[1] *Accord, Garrett* v. *Puckett*, 348 F. Supp. 1317 (W.D. Va. 1972); *contra, People* v. *Morrissey*, 52 Ill.2d 418, 288 N.E.2d 397 (1972).

appeal, *Douglas v. California*, 372 U.S. 353 (1963), both pre-*Linkletter* decisions, was applied retroactively. *See also McConnell v. Rhay*, 393 U.S. 2 (1968) (right to counsel at probation revocation hearings held retroactive); *Arsenault v. Massachusetts*, 393 U.S. 5 (1968) (right to counsel at preliminary hearing when guilty plea entered held retroactive).

*Escobedo v. Illinois*, 378 U.S. 478 (1964), and *Miranda v. Arizona*, 384 U.S. 436 (1966), however, excluding evidence obtained when the right to counsel had been denied, were held to be nonretroactive in *Johnson v. New Jersey*, 384 U.S. 719 (1966). And *Stovall v. Denno*, 388 U.S. 293 (1967), denied retroactivity to *United States v. Wade*, 388 U.S. 218 (1967), and *Gilbert v. California*, 388 U.S. 263 (1967), both of which excluded identification evidence tainted by absence of counsel. The factors affecting the decision to give only prospective effect to these cases that reversed prior doctrines in criminal law were stated as: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Denno, supra* at 297. The same criteria, worded differently, had been considered in *Linkletter v. Walker*, 381 U.S. at 636.[2]

Of greater significance is *Adams v. Illinois*, 405 U.S. 278 (1972), where the criteria delineated in *Stovall v. Denno, supra,* were again approved. But the Court also held that a new constitutional rule of criminal procedure is to be given complete retroactive effect, "regardless of good faith reliance by law enforcement authorities or the degree of impact on the administration of justice, where the 'major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials. . . .' *Williams v. United States*, 401 U.S. 646, 653 (1971)." 405 U.S. at 280. Nevertheless, the Court concluded that *Coleman v.*

---

[2] Other cases of magnitude commensurate with the right to counsel cases illustrate the application of these criteria and the resulting refusal to impose certain new constitutional rules retroactively. *De Stefano v. Woods*, 392 U.S. 631 (1968), gave prospective effect only to *Duncan v. Louisiana*, 391 U.S. 145 (1968), holding that states cannot deny trial by jury in serious criminal cases, and *Bloom v. Illinois*, 391 U.S. 194 (1968), holding that the right to jury trial extends to trials for serious contempts. In a series of cases, the Supreme Court, in effect, refused to invalidate, *per se*, guilty pleas entered before *Jackson v. Denno*, 378 U.S. 368 (1964), which held unconstitutional procedures providing inadequate opportunity to challenge the voluntariness of a plea. *McMann v. Richardson*, 397 U.S. 759 (1970); *Parker v. North Carolina*, 397 U.S. 790 (1970); *Brady v. United States*, 397 U.S. 742 (1970).

*Alabama*, 399 U.S. 1 (1970), extending the right to counsel to preliminary hearings, should not be given retroactive effect. Thus, regardless of the newly announced constitutional rights in any particular case, considerations of public policy, the extent of reliance on previously existing law, and impact on the administration of justice must be weighed in determining whether the rights will be given retroactive effect.

We acknowledge that, after *Gideon* v. *Wainwright, supra, Argersinger* could not have been totally unexpected, so that reliance on the previously existing law could not have been as strong as in other cases in which new constitutional doctrines were evolved. We believe, however, that the disruptive impact of *Argersinger* on the administration of justice justifies our according it only prospective effect.

In the several opinions in *Argersinger* the Court recognized the strain on state legal systems and available legal resources that the decision will impose even prospectively. Indeed, it was suggested that students in the nation's law schools could be used to supply the additional legal personnel required to comply with the decision. 407 U.S. at 40 (Brennan, Douglas, and Stewart, JJ., concurring).

The Solicitor General, who filed an *amicus curiae* brief on behalf of the United States, suggested the rule that was approved by the Court. 407 U.S. at 54 (Powell and Rehnquist, JJ., concurring). But anticipating its far reaching consequences he urged that the new rule not be made retroactive. *Id.* at 56. We need not elaborate upon the problems that will inevitably follow *Argersinger*, as recognized in the several opinions. If the new rule is given only prospective effect it will impose a heavy enough burden upon the available legal resources of this state. If made retroactive it could seriously impede the administration of justice.

Admittedly, relatively few misdemeanants would be released from confinement if *Argersinger* were applied retroactively because misdemeanor sentences do not exceed twelve months. But the collateral effects of retroactivity would pose more serious problems. Numerous felons whose probation and parole revocations have been based upon misdemeanor convictions, would petition for relief. Many others would undoubtedly seek to have the state expunge misdemeanor convictions from their records. Actions could be anticipated to require resentencing or retrial of felons sentenced after trial courts had considered presentence reports that included prior misdemeanor convictions. Moreover, according retroactivity to *Argersinger* would result in the anomaly adverted to by Mr. Justice Powell in his concurring

opinion. 407 U.S. at 49-50. It would give preferential status to indigents who could engage, at state expense, in protracted litigation challenging old misdemeanor convictions, whereas once-indigent misdemeanants who are no longer indigent might decide that such litigation would be a personal expense that they could not justify.

Holding that *Argersinger* should be applied only prospectively from June 12, 1972, we affirm the action of the trial court in denying and dismissing Potts's petition.

*Affirmed.*