283 So.2d 207 (1973)
CITY OF NEW ORLEANS
v.
William HARRIS and Melvin Reed.
No. 52171.
Supreme Court of Louisiana.
September 24, 1973.
*208 Okla Jones, II, New Orleans, for defendant-applicant.
Blake C. Arata, City Atty., Servando C. Garcia, III, Asst. City Atty., for plaintiffs-respondents.
SANDERS, Chief Justice.
Following our denial of defendants' application for writs, this cause was considered by the Supreme Court of the United States, 411 U.S. 902, 93 S.Ct. 1532, 36 L.Ed. 2d 192. Our judgment was vacated and the cause was remanded for further consideration in light of the United States Supreme Court's decision in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
The pertinent facts are:
Defendants, Melvin Reed and William Harris, were charged on October 30, 1971, with disturbing the peace by assault, in violation of New Orleans Ordinance No. 828 MCS, Section 42-24. The charges arose from a confrontation which occurred at the Behrman Stadium preceeding a football game staged by the New Orleans Recreation Department. During the confrontation, defendants allegedly assaulted two of the football coaches.
On November 2, 1971, the defendants were tried in the New Orleans Municipal Court. They were found guilty and each was sentenced to serve 30 days in the House of Detention. The defendants were not advised of their right to counsel, nor did they have counsel.
A suspensive appeal was taken from this conviction, to the Criminal District Court for the Parish of Orleans. On December 17, 1971, the Criminal District Court affirmed the conviction.
On February 14, 1972, application for writs of review, certiorari, mandamus, and prohibition were filed with this Court. The application was denied because, at that time, there was no error of law under the jurisprudence of either this Court or of the United States Supreme Court.
An appeal was taken to the United States Supreme Court on May 23, 1972.
On June 12, 1972, during the pendency of the appeal, the Supreme Court of the United States rendered its decision in the case of Argersinger v. Hamlin, supra. In that decision, the Court held:
"... [T]hat absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."
The Argersinger case and the case before us are similar. In each case, the defendants were charged with a misdemeanor. Likewise, in each case, the defendants were without counsel and, being indigent, were unable to retain defense counsel. Hence, Argersinger v. Hamlin, supra, is applicable here.[1] Consonant with *209 that decision, we hold that the indigent defendants were unconstitutionally deprived of their right to counsel.
For the reasons assigned, the conviction and sentence are reversed and set aside, and the case is remanded for a new trial according to law and consistent with the views herein expressed.
SUMMERS, J., dissents for the reasons assigned.
SUMMERS, Justice (dissenting).
I do not subscribe to the proposition that the requirement of counsel in misdemeanor cases mandated by Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), is retroactive in its effect. There the United States Supreme Court said, "Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed ... unless the accused is represented by counsel." The language unmistakably connotes a prospective effect is to be given to the rule. It is improvident for us to apply the Argersinger rule retroactively in the absence of a strong indication that the United States Supreme Court intends it to be so applied. City of Cincinnati v. Berry, 34 Ohio St.2d 106, 296 N.E.2d 532 (1973). See also James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L. Ed.2d 600 (1972); Potts v. Supt. of Virginia State Penitentiary, 213 Va. 432, 192 S.E.2d 780 (1972); Garrett v. Puckett, 348 F.Supp. 1317 (W.D. Va., 1972); City of Seattle v. Brenden, 8 Wash.App. 472, 506 P.2d 1314 (1973).
In Potts v. Supt. of Virginia State Penitentiary, supra, the Supreme Court of Virginia was of the opinion that "the disruptive impact of Argersinger on the administration of justice justifies our according it only prospective effect." Moreover, the court aptly pointed out:
Admittedly, relatively few misdemeanants would be released from confinement if Argersinger were applied retroactively because misdemeanor sentences do not exceed twelve months. But the collateral effects of retroactivity would pose more serious problems. Numerous felons whose probation and parole revocations have been based upon misdemeanor convictions, would petition for relief. Many others would undoubtedly seek to have the state expunge misdemeanor convictions from their records. Actions could be anticipated to require resentencing or retrial of felons sentenced after trial courts had considered presentence reports that included prior misdemeanor convictions. Moreover, according retroactivity to Argersinger would result in the anomaly adverted to by Mr. Justice Powell in his concurring opinion. 407 U.S. at 49-50, 92 S.Ct. 2006. It would give preferential status to indigents who could engage, at state expense, in protracted litigation challenging old misdemeanor convictions, whereas once-indigent misdemeanants who are no longer indigent might decide that such litigation would be a personal expense that they could not justify.
A majority of this Court may mark this decision as the latest in a widening class of cases prescribing new rules extending beyond the constitutional rights formulated by the United States Supreme Court in recent years.
I respectfully dissent.
NOTES
[1] The United States Supreme Court has not yet spoken on the retroactivity of Argersinger v. Hamlin, supra. But see City of Cincinnati v. Berry, 34 Ohio St.2d 106, 296 N.E.2d 532 (1973); City of Seattle v. Brenden, 8 Wash.App. 472, 506 P.2d 1314 (1973); Potts v. Superintendent of Virginia State Pen., 213 Va. 432, 192 S.E.2d 780 (1972); Wood v. Superintendent Caroline Correctional Unit, 355 F.Supp. 338 (E.D.Va.1973); Herndon v. Superintendent, Virginia State Farm, 351 F. Supp. 1356 (E.D.Va.1972). In any event, however, since the appeal in this case was still pending when the Argersinger decision was handed down, the defendants are entitled to the benefit of its pronouncements.