297 So.2d 423 (1974)
STATE of Louisiana
v.
Jack GUILLOTTE.
No. 54458.
Supreme Court of Louisiana.
July 1, 1974.
*424 Philip J. Shaheen, Jr., Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
On September 11, 1973 Jack Guillotte was charged by bill of information as a third offender with the offense of unlawfully operating a motor vehicle while under the influence of alcoholic beverages in violation of Article 98 of the Criminal Code (La.R.S. 14:98).[1]
According to this record Guillotte had been previously charged in separate bills of information with operating a motor vehicle while under the influence of alcoholic beverages on May 17, 1970 and January 23, 1971. He was arraigned on both of these prior charges on May 5, 1971 at which time he pleaded guilty to each charge. He was then sentenced for the May 17, 1970 offense to pay a fine of $175 and costs, or, in default thereof, to serve 30 days in jail. On the January 23, 1971 offense he was sentenced to pay a fine of $175 and costs, or, in default thereof, to serve 30 days in jail; and, in addition, to serve 125 days in jail.
Guillotte also pleaded guilty on this same day to a two-count charge of, first, unlawfully operating a motor vehicle on May 3, 1971 while under the influence of alcoholic beverages in violation of La.R.S. 14:98, as a second offender, having on May 5, 1971 been convicted for the same offense. The second count of this charge set forth that on May 3, 1971 Guillotte operated a motor vehicle upon the public highways of Louisiana subsequent to the authorized revocation of his driver's license in violation of La.R.S. 32:415.
On this two-count-charge he was sentenced on the first count to pay a fine of $175 and costs, or, in default thereof, to serve 30 days in jail; and, in addition, to serve 125 days in jail to run consecutively with sentence imposed on the January 23, 1971 offense. On the second count he was sentenced to serve 15 days in jail to run concurrently with the sentence on the first count. The court ordered that in the event the fines were not paid, these latter jail sentences were to run concurrently with the jail sentences imposed in the May 17, 1970 and January 23, 1971 offenses.
The third offender charge now under consideration is based upon the conviction *425 of the offenses of May 3, 1971 and January 23, 1971, both of which involved sentences of imprisonment. No transcript of the colloquy between the trial judge and the accused at the time of the sentencing on May 5, 1971 appears in the record, and the minutes do not show a waiver of counsel or that the accused was represented by counsel at the time of the guilty plea and sentencing. The State does not contest the claim, however, that on May 5, 1971 Guillotte was not represented by counsel and did not waive his right to counsel. Clearly, therefore, the May 5, 1971 guilty pleas and sentences did not comply with the rule subsequently adopted in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed.2d 530, decided on June 12, 1972.
Based upon this proposition, Guillotte, who is now represented by counsel, filed a motion to quash the third offender charge filed on September 11, 1973. He alleged that his motion is based upon an invalid and unconstitutional plea of guilty to the offenses of May 3, 1971 and January 23, 1971 for which he received sentences of imprisonment. At the time of these pleas, he asserts he was not advised of his right to counsel, he was not represented by counsel and he was not advised of the consequences of his plea.
The motion to quash was denied by the trial judge and an application was made to this Court by Guillotte to review the ruling. Upon the representation that all concerned, the applicant, the District Attorney and the trial judge, were desirous of a ruling from this Court to guide future prosecution, we unanimously granted certiorari to facilitate the administration of justice in the premises.
The issue so clearly drawn is whether the Argersinger rule is retroactive to a conviction where the sentence imposed imprisonment on an accused not represented by counsel when that conviction is relied upon in a subsequent prosecution of the same accused as a multiple offender for which a sentence of imprisonment at hard labor for not less than one year or more than five years is mandatory.
In our view the rule of the Argersinger Case is retroactive in such a case and the motion to quash the prosecution against Guillotte on this third offender charge must be sustained.
In Argersinger it was held "(T)hat absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." That decision also declared that "Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel."
Subsequently, in Berry v. City of Cincinnati, Ohio, 414 U.S. 29, 94 S.Ct. 193, 38 L. Ed.2d 187 (1973), it was said, "(T)hose convicted prior to the decision in Argersinger are entitled to the constitutional rule enunciated in that case...." We predicted this result in City of New Orleans v. Harris, 283 So.2d 207 (La.1973). In Cottle v. Wainwright, 477 F.2d 269 (5th Cir. 1973), it was concluded that "Argersinger is fully retroactive" in a collateral proceeding for revocation of parole where an invalid misdemeanor conviction resulting in imprisonment without the assistance of counsel is asserted as a basis for the revocation.
In our view the prior convictions of Guillotte obtained contrary to the rule of Argersinger are not moot under these circumstances, and having been obtained contrary to Argersinger, cannot be urged in a subsequent prosecution if the consequence of this subsequent proceeding is the loss of liberty on the part of the defendant. Cottle v. Wainwright, 477 F.2d 269 (5th Cir. 1973). It would be different if the subsequent proceeding "merely lays the defendant open to a civil proceeding wherein a civil right may be involved." Martson v. Oliver, 485 F.2d 705 (4th Cir. 1973).
*426 For the reasons assigned the ruling of the trial judge denying the motion to quash is reversed, and the motion to quash is granted.
BARHAM, J., concurs and assigns reasons.
BARHAM, Justice (concurring).
Insofar as the result reached by the majority is based on the fact that defendant's prior non-counsel convictions involved actual imprisonment, I reject the majority's resolution. I am of the opinion that regardless of whether or not earlier DWI convictions resulted in imprisonment, prior non-counsel convictions upon which a second or third offense charge of DWI depends may not form the basis for imprisonment upon conviction of the current DWI charge. See the dissents from the denial of writs in State v. Oliveaux, 288 So.2d 356 (La.1974) and State ex rel. Hutson v. Henderson, 291 So.2d 398 (La.1974).
In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court stated:
"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of "the guiding hand of counsel' so necessary when one's liberty is in jeopardy." (Emphasis supplied.)
It is therefore clear to me that the thrust of the Argersinger decision is to protect from imprisonment those persons convicted without benefit of counsel.
The majority notes the decision of the United States Fifth Circuit Court of Appeals in Cottle v. Wainwright, 477 F.2d 269 (1973), a decision dealing with parole revocation wherein that court distinguished, in terms of the impact of Argersinger, between the use of prior convictions which resulted in actual imprisonment at the time of the conviction and those which did not. That case was subsequently considered by the United States Supreme Court and was vacated and remanded for reconsideration of another issue therein contained. On remand, however, the Fifth Circuit failed to directly draw the distinction between prior convictions which resulted in actual imprisonment and those in which no actual imprisonment was involved, noting only that one of Cottle's prior convictions, the second one, could not be used in subsequent parole revocation proceedings.
Any distinction drawn on the basis of actual imprisonment at the time of the prior conviction, as in the first Cottle decision prior to the United States Supreme Court's vacation and remand, is irrational in my opinion, and contrary to the spirit of the Argersinger decision. In the context of repeated DWI convictions in this state, prior non-counsel DWI convictions, though they did not result in immediate imprisonment, do "end up" in actual incarceration; when the offense is repeated, imprisonment is often lengthy and sometimes at hard labor.[*]
The proper approach to the problem is, I believe, illustrated in two recent cases decided by the Texas Court of Criminal Appeals: Ex parte Webster, 497 S.W.2d 305 (Tex.Cr.App.1973) and Ex parte Burt, 499 S.W.2d 109 (Tex.Cr.App.1973). Therein, prior convictions used as a basis for enhancement of sentence imposed in a subsequent prosecution were declared void because the defendants were indigent at the time of the non-counsel convictions and no waivers of the right to counsel appeared in the records. There appears no distinction based on whether a prior conviction resulted *427 in actual imprisonment, nor is there the slightest allusion to such a distinction.
It is eminently clear to me that the rationale for invalidating prior non-counsel convictions for DWI where no actual imprisonment was imposed lies in our statutorily approved use of these prior convictions in a manner which results in enhancement of penalty for the offense when it is repeated by a defendant. Regardless of the fact that a prior conviction for DWI did not result in actual imprisonment, the prior non-counsel convictions are an indispensable basis for the imposition of substantial sentences of imprisonment upon subsequent DWI convictions, and do ultimately lead to "the actual deprivation of a person's liberty."
For these reasons, I cannot subscribe to the distinction apparently drawn by the majority in its opinion and therefore respectfully concur.
NOTES
[1] La.R.S. 14:98 provides:

"A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
"B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than six months or both.
"C. On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.
"D. On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.
"E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.
"F. Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder."
[*] La.R.S. 14:98, in pertinent part, provides:

"D. On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.
"E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years."