304 So.2d 332 (1974)
CITY OF MONROE
v.
Alexander COLEMAN.
No. 55065.
Supreme Court of Louisiana.
December 2, 1974.
Stephen J. Katz, Kidd & Katz, Monroe, George M. Strickler, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Larry Lolley, City Atty., for plaintiff-appellee.
MARCUS, Justice.
Alexander Coleman appeals his conviction in Monroe City Court for driving while intoxicated (La.R.S. 14:98) under a charge as a second offender, for which he was sentenced on June 21, 1974 to pay a fine of $500.00 and costs, or, in default, 50 days in jail, and a compulsory jail sentence of 125 days. Four perfected bills of exceptions timely filed are the basis of defendant's appeal to this court.
Bill of Exceptions No. 2 reserved to the overruling of the motion to quash has merit. Hence, we need not discuss the other bills in our disposition of the cause.
Defendant was previously found guilty on a DWI charge for which he was arraigned on January 5, 1973 and to which he entered a plea of not guilty. The minute entry on that date indicates that "defendants were informed of their rights" and defendant, Alexander Coleman, "was present for arraignment without counsel." Trial was set for February 8, 1973. The affidavit filed in connection with that charge indicates that the matter was disposed of by the entry of a guilty plea on that date. The minute entry for February 8, 1973 shows that, under commitment number 7951, Alexander Coleman was fined $500.00 and costs, or, in default, 125 days in jail, and 125 days compulsory jail sentence. The minute entry of this first *333 conviction contains no mention that defendant had been informed of his right to counsel nor that he had waived that right.
The present DWI charge stems from an offense, allegedly committed on March 9, 1974. Alexander Coleman was charged by affidavit with being a second offender having been previously convicted of violating La.R.S. 14:98 on February 8, 1973 in proceedings styled City of Monroe vs. Alexander Coleman under commitment number 7951. The motion to quash herein filed avers that the affidavit charges a progressive offense under La.R.S. 14:98, requiring mandatory incarceration if the accused is found guilty; that the charge should be quashed, as defendant, because of indigency, was not represented by counsel nor did he waive counsel when he was tried for the first violation of this statute.
The state answered that defendant has made no affirmative showing that he was denied counsel by the court; that he requested counsel; that he did not waive counsel; nor that he was indigent at the time of his first trial.
The trial judge denied the motion to quash. In our opinion, error was committed in this ruiling.
State v. Coody, 275 So.2d 773 (La.1973) plainly held that there must be an affirmative showing that counsel was offered and knowingly waived. The minutes of Coody made no mention that defendant had been informed of his right to counsel and had waived that right. In reversing the conviction and sentence in Coody, this court applied, inter alia, article 514 of the Code of Criminal Procedure[1] and the rule stated in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."
An identical contention as here presented was considered by this court in State v. Guillotte, 297 So.2d 423 (La.1974). The third offender charge in Guillotte was based upon the convictions of two prior offenses, both of which involved guilty pleas and sentences of imprisonment. No transcription of the colloquy between the trial judge and the accused at the time of the sentencing appeared in the record nor did the minutes of court show a waiver of counsel or that the accused was represented by counsel at the time of the prior guilty pleas and sentencing. We there refused to permit the prosecution of an accused as a multiple offender on a charge requiring a mandatory prison sentence where the prior offenses were based upon convictions in which sentences were imposed and the accused was not represented by counsel and had not waived same. Accordingly, we sustained the motion to quash the prosecution against Guillotte on the third offender charge, applying retroactively the rule of the Argersinger case.
In the instant case, the record before us contains no colloquy between the trial judge and the accused at either the prior arraignment or at the time of the prior conviction and sentencing. Except for a reference in the minute entry on the date of arraignment that "defendants were informed of their rights" and the accused "was present for arraignment without counsel," there is no affirmative showing in the record that the accused was informed of his right to counsel or that he waived that right at the time of his conviction of the prior DWI charge. Hence, we must sustain the motion to quash the second offender charge filed herein. State v. Guillotte, State v. Coody, supra.
For the reasons assigned, the ruling of the trial judge denying the motion to quash is reversed, and the motion to quash is granted.
NOTES
[1] Article 514 of the Code of Criminal Procedure provides:

The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to court-appointed counsel.