308 So.2d 795 (1975)
STATE of Louisiana, Appellee,
v.
Billy Ray STRANGE, Appellant.
No. 55536.
Supreme Court of Louisiana.
February 24, 1975.
Harmon Drew, Jr., Drew, White, Drew & Drew, Minden, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles A. Marvin, Dist. Atty., James S. Harris, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of driving while intoxicated, third offense, a felony. La.R.S. 14:98, subd. E. He was sentenced to four years at hard labor. On his appeal, the defendant Strange contends that, since his first conviction was invalid because of lack of counsel, the trial court erred in denying his motion to quash his prosecution as a third (instead of as a second) offender.
The offense of driving while intoxicated is defined and the punishment therefor provided by La.R.S. 14:98 (as amended in 1968).[1] By the first and second convictions *796 the conduct is punished as a misdemeanor by fine or by imprisonment in the parish jail for not more than six months. See 98, subds. B and C. By the third conviction, however, the conduct is (as here) punished as a felony by mandatory imprisonment at hard labor (i. e., in the penitentiary system) for not less than one year nor more than five years. See 98, subd. D. On a fourth conviction, the offender is punished as a felony by mandatory imprisonment at hard labor for not less than ten nor more than thirty years. See 98, subd. E.
The defendant was charged with operating a motor vehicle on a public highway while intoxicated on February 22, 1973, "this being his third offense". The prior two convictions are alleged to have occurred on June 20, 1970 and February 8, 1973.
By his motion to quash, the defendant contended that he should have been charged as a second offender, not as a third offender. The basis for this contention is that, as is conceded, the defendant Strange had been convicted (by pleading guilty) of the first offense on June 20, 1972 without having been informed of his right to counsel and without having waived same. (On the second conviction of February 8, 1973, however, the defendant was assisted by his court-appointed counsel.)
His contention is well founded (although, in fairness to the trial court, the jurisprudence was not clear at the time of its ruling).
Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether misdemeanor or felony, unless he is represented by counsel at his trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); State v. Coody, 275 So.2d 773 (La.1973). The Argersinger ruling is retroactive and applies to convictions prior to its holding.
Berry v. City of Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973); City of Monroe v. Fincher, 305 So.2d 108 (La. 1974) (decided December 2, 1974).
In the last cited case, under a legally identical situation, we held that an uncounselled plea to a first offense, absent a knowing and intelligent waiver of counsel, could not be used in the prosecution of the accused as a repeat offender.
That is, even though the accused was not imprisoned on the uncounselled first conviction, the circumstance of this uncounselled conviction subjects the accused to a more severe penalty for the punishment of a subsequent offensehere, for the third offense, a difference between the present sentence of four years to the state penitentiary, as contrasted with (had this been a second offense) a maximum of six months in the parish jail. Absent availability of counsel before the first conviction, the plea of guilty to this first offense was not knowingly made as to such possible consequence.
Our holding in Fincher is consonant with those of the United States Supreme Court with regard to the effect of an uncounselled conviction upon the application of the multiple-offender enhanced-punishment statutes. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 (1966). To permit an uncounselled conviction to enhance punishment for a subsequent offense is to erode the constitutional right to counsel and, in itself, constitutes a denial of the Sixth Amendment right. Burgett at 389 U.S. 115, 88 S.Ct. 262.
Here, the uncounselled first conviction is a direct cause of the greatly enhanced punishment to which the accused is subjected by the present prosecution. Therefore, under our holding in Fincher, it cannot constitutionally be classified as a prior conviction *797 for purposes of the present prosecution as third offender. See also City of Monroe v. Coleman, 304 So.2d 332 (La. 1974) (decided December 2, 1974).
For the foregoing reasons, the motion to quash the information insofar as charging the defendant as a third offender is quashed, and the conviction and sentence are reversed. The motion to quash is granted, and the case is remanded for further proceedings, if any, in accordance with law.
Reversed and remanded.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and will assign reasons.
MARCUS, J., dissents and assigns reasons.
SANDERS, Chief Justice (dissenting).
I recorded my views on the legal question raised here in my dissenting opinion in City of Monroe v. Fincher, La., 305 So. 2d 108 (1974). I adhere to those views.
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
Since the first offense did not involve a sentence of imprisonment, there was no Argersinger violation. Hence, in my view, there is no prohibition against using this offense to enhance punishment. To hold otherwise would be an improper extension of Argersinger.
Accordingly, I respectfully dissent.
SUMMERS, Justice (dissenting).
For the reasons assigned in the dissenting opinion of the Chief Justice and in my dissenting opinion in City of Monroe v. Fincher, 305 So.2d 108 (La.1974), I respectfully dissent.
NOTES
[1] La.R.S. 14:98 provides:

"A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
"B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than six months or both.
"C. On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.
"D. On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.
"E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.
"F. Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder."