CALOGERO, Justice.
The relator, Irving Lynn Nordman, was charged by affidavit with criminal neglect of family. He pled guilty on September 12, 1974 and was sentenced to serve 6 months in the parish jail. A week later the balance of his sentence was suspended upon the condition of his posting a $250.-00 indemnity bond and payment of $25.00 a week for the use and benefit of his minor children. He was placed on probation for *573 5 years and further assessed an annual court cost of $20.00 and $3.00 for cost of the Indigent Defender Board.
On December 2, 1974 relator, through an attorney, applied to this Court for writs of review, prohibition and mandamus asking that his conviction and sentence be reversed and vacated on the ground that he had not been represented by counsel, nor had he made a waiver of the assistance of counsel. We granted a writ of certiorari. 304 So.2d 667 (La.1974).
The record of the proceedings below substantiates relator’s claim that he was not represented by counsel and had not waived counsel. Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L. Ed.2d 530, 538 (1972) held that “absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.” The instant conviction is invalid. State v. Guillotte, 297 So.2d 423 (La.1974).
The conviction and sentence are annulled and set aside. The case is ordered remanded for further proceedings.