312 So.2d 643 (1975)
STATE of Louisiana
v.
Albert Bernell HARRIS.
No. 55622.
Supreme Court of Louisiana.
April 24, 1975.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Doug Moreau, Asst. Dist. Atty., for plaintiff-appellee.
Murphy W. Bell, Director, R. Judge Eames, Baton Rouge, Trial Atty., for defendant-appellant.
DIXON, Justice.
On December 5, 1972 defendant pleaded guilty to aggravated assault and was sentenced to six months in the parish prison with credit for time served. The balance of the sentence was suspended, and he was placed on active probation for two years. On February 8, 1974 the trial court was informed by letter of numerous alleged violations of probation by the defendant; the reporting probation officer listed the specific violations and recommended revocation of probation. A hearing was held on August 7, 1974 at which the trial court determined that defendant's probation should be revoked. The trial court granted a stay of execution, and, on the application of the defendant, writs of certiorari were granted.
Defendant contends that his constitutional right to due process was violated by the failure of the trial court to give him adequate notice of the specific violations of probation with which he was charged. The probation officer admitted at the hearing that defendant had not been given any notice until the hearing itself. The letter of February 8, 1974 to the trial court itemizing the alleged violations had not been presented to defendant or his counsel until it was introduced into evidence at the hearing. Defendant's right to written notice of the claimed violations of probation was not satisfied.
*644 Although a probation revocation hearing is different from a trial, its result may be the samethe imprisonment of the defendant. Therefore, the defendant, while not entitled to the full panoply of rights due a defendant in a criminal prosecution, is entitled to certain minimal procedural protection. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In Morrissey, the United States Supreme Court found the minimum requirements of due process for parole revocation to include:
"(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.' 408 U.S. at 489, 92 S.Ct. at 2604.
Probation revocation was found to be indistinguishable from a parole revocation in its practical effect, and these procedural requirements were applied subsequently to probation revocation in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
In remanding this case for further proceedings, we note an additional contention of the defendant. At the revocation hearing defendant's guilty plea to the charge of possession of marijuana was introduced. Defendant contended that he had pleaded guilty without the benefit of counsel; a copy of the minutes introduced at the hearing is silent on this point. The State failed to demonstrate that defendant's plea had been made with the benefit of counsel or that defendant had freely and intelligently waived his right to counsel.
The use of such a guilty plea was in conflict with our decision in City of Monroe v. Fincher, 305 So.2d 108 (La. 1974), applying Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), to situations in which imprisonment was imposed or enhanced on the basis of prior uncounseled convictions. In City of Monroe v. Fincher, supra, we held that a prior uncounseled conviction could not be used to subject the accused to prosecution and imprisonment as a repeat offender, whether or not his sentence following that prior conviction included imprisonment. As the defendant's plea of guilty used in the instant case had been made without benefit of counsel or a waiver of the right, it could not be used as the basis for revoking defendant's probation. However, this is not to hold that the underlying facts or evidence (as opposed to the conviction or plea itself), on which the prior conviction or plea is based can not be introduced at a probation revocation hearing to prove that defendant has in fact been guilty of misconduct which might constitute a violation of his probation.
From the record it is clear that defendant was denied his right to be informed in writing prior to hearing of the specific violations of probation with which he was charged.
The order revoking defendant's probation is therefore vacated, and the case is remanded for further proceedings not inconsistent with this opinion.
SANDERS, C.J., and SUMMERS and MARCUS, JJ., concur in the result.