337 So.2d 1152 (1976)
STATE of Louisiana, Respondent,
v.
Willie FRANKLIN, Relator.
No. 57829.
Supreme Court of Louisiana.
October 6, 1976.
*1153 Kenneth L. Riche, Dodd, Barker, Avant, Wall & Thomas, a Division of Dodd & Barker, a Law Corporation, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Doug P. Moreau, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The issue is whether a motorist is barred by a plea of guilty from raising the constitutional issue that he cannot be sent to the state penitentiary system because he was without counsel on his first two DWI convictions. We hold that, despite his plea of guilty, he may not be imprisoned at hard labor in violation of the state and federal constitutions.
On April 24, 1974, the defendant pleaded guilty to the offense of driving while intoxicated, third offense, and was sentenced to three years at hard labor (i.e., in the penitentiary). His sentence was suspended, and he was placed on supervised probation.
The issue of his actual imprisonment by reason of the conviction first arose when the state filed probation revocation proceedings. The defendant then for the first time attacked the penitentiary sentence as illegal, by filing a motion to quash and a writ of habeas corpus, La.C.Cr.P. art. 362(4) (permitting post-conviction attack if "The order for the custody, although legal in form, imposes an illegal custody").
The sentence of imprisonment is attacked as illegal for the following reasons:
The first two convictions for driving while intoxicated occurred in 1971 and resulted in fines, in proceedings which the defendant was not represented by an attorney and had not waived his constitutional right to counsel; these uncounselled convictions cannot, under authorities to be cited, be used to enhance punishment or to cause imprisonment; the sentence at hard labor (i.e., to the state penitentiary system) imposed for the present (or alleged third) offense may be imposed only as a result of the first two convictions, since a motorist convicted of driving while intoxicated may only be sent to the penitentiary upon conviction of a third offense, La.R.S. 14:98 D.
These contentions are fully supported by the following authorities, which interpret the right to counsel in criminal prosecutions guaranteed by the state and federal constitutions as so requiring:
In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Sixth Amendment to the federal constitution was interpreted by the United States Supreme Court as requiring that, absent knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by counsel at the trial. The decision was held to apply retroactively to uncounselled state convictions in Berry v. City of Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973).
*1154 In City of Monroe v. Fincher, 305 So.2d 108 (La.1974), this court applied the Argersinger rationale to the imposition of progressively more severe penalties for repeat offenders convicted of driving while intoxicated. We held that, due to the substantial enhancement of penalties for subsequent conduct, which enhancement directly results from the earlier conviction (then resulting, for instance, in a mandatory penitentiary term upon a third offense), an uncounselled prior conviction could not be used to enhance punishment upon conviction of a subsequent offense.
In State v. Strange, 308 So.2d 795 (La. 1975), we reiterated this ruling, further stating, 308 So.2d 796-97:
"Our holding in Fincher is consonant with those of the United States Supreme Court with regard to the effect of an uncounselled conviction upon the application of the multiple-offender enhancedpunishment statutes. Burgett v. Texas, 398 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 (1966). To permit an uncounselled conviction to enhance punishment for a subsequent offense is to erode the constitutional right to counsel and, in itself, constitutes a denial of the Sixth Amendment right. Burgett at 389 U.S. 115, 88 S.Ct. 262.
"Here, the uncounselled first conviction is a direct cause of the greatly enhanced punishment to which the accused is subjected by the present prosecution. Therefore, under our holding in Fincher, it cannot constitutionally be classified as a prior conviction for purposes of the present prosecution as third offender. See also City of Monroe v. Coleman, 304 So.2d 332 (La.1974)."
Thus, the first two uncounselled convictions cannot be used to cause imprisonment which otherwise would not result. Such imprisonment is unconstitutional and invalid by reason of the provisions of our state constitution guaranteeing the right to counsel in criminal prosecutions, Louisiana Constitution of 1974, Article 1, Section 13, as well as by reason of the federal Sixth Amendment.
The state does not dispute the constitutional invalidity of the present penitentiary sentence, if its invalidity had been raised prior to the defendant's plea of guilty of April 24, 1974, at which time he was represented by counsel. The state solely contends that the issue of the unconstitutionality of the sentence at hard labor cannot now be raised, because the plea of guilty waives all defects in the proceedings prior to the plea. State v. Barber, 262 La. 443, 263 So.2d 719 (1972).
We cannot accept the state's contention.
In the first place, the illegality of a sentence may be attacked at any time. La. C.Cr.P. art. 882; La.C.Cr.P. art. 362(4).
In the second place, a plea of guilty does not waive defects which, even conceding the accused's factual guilt, do not permit his punishment for the offense charged. Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). See also State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974).
In Blackledge v. Perry, cited above, the accused pleaded guilty to a felony. By reason of double jeopardy protections, the constitutional maximum punishment he could receive for the offense was as for a misdemeanor. Despite the defendant's plea of guilty, our nation's high court held that he could by post-conviction proceedings attack the plea's resulting in a penitentiary sentence, partially because the sentence exceeded the maximum constitutionally permissible. 417 U.S. 31, 94 S.Ct. 2104.
We thus do not find merit in the contention of the state that the plea of guilty bars any attack upon a sentence which, upon revocation of probation here sought, will result in the actual imposition of a sentence to the penitentiary system in violation of our state constitution.
Accordingly, the defendant is entitled to have the penitentiary sentence set aside. Although the conviction (by plea of guilty) is not disturbed, no imprisonment now imposed *1155 for the offense may exceed that permissible for conviction of a first counselled conviction, see La.R.S. 14:98 A.
The case is therefore remanded to the district court for it to set aside as unconstitutional the sentence of imprisonment at hard labor originally imposed, and for it to re-sentence the defendant in accordance with law and consistent with the views expressed above.
UNCONSTITUTIONAL SENTENCE SET ASIDE; CASE REMANDED FOR RE-SENTENCING.
SANDERS, C.J., and MARCUS, J., dissented.