384 So.2d 440 (1980)
STATE of Louisiana
v.
Mitchell G. VARNADO.
No. 66694.
Supreme Court of Louisiana.
May 19, 1980.
John F. Rau, Jr., Harvey, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, W. C. Douglas Friederichsen, Asst. Dist. Attys., for plaintiff-respondent.
BLANCHE, Justice.[*]
Defendant, Mitchell G. Varnado, was charged by bill of information with attempted murder in violation of R.S. 14:27 (14:30). Pursuant to a plea bargain, defendant entered a guilty plea to aggravated battery, R.S. 14:34. Defendant was sentenced to three years, suspended on the condition that he serve one year in the Jefferson Parish Community Correctional Center, and placed on active probation for two years. While serving the first year term in Jefferson Parish Community Correctional Center, defendant was charged with and pleaded guilty to possession of marijuana in violation of LSA-R.S. 40:967. Defendant's probation was revoked based upon this conviction. By writ of certiorari to this Court, defendant argues one assignment of error.

Assignment of Error Number 1
By this assignment, defendant contends that the trial court erroneously revoked his probation because the guilty plea used to support the revocation was uncounseled and made without waiver of counsel.
As a condition of his probation, defendant was to refrain from criminal conduct. Defendant's probation officer informed the court that defendant, while incarcerated at the Jefferson Parish Community Correctional Center, was arrested for the charge of illegal possession of marijuana and that defendant entered a plea of guilty to this charge. In the formal notice of revocation, the Department of Probation and Parole *441 specified that defendant had violated the first condition of his probation: that he refrain from criminal conduct. At the revocation hearing, the state did not attempt to prove the underlying marijuana offense but relied exclusively upon the fact that defendant had pleaded guilty to it. To this extent, the validity of defendant's revocation rides or falls on the validity of the marijuana conviction.
At the probation revocation hearing, defense counsel challenged the use of this guilty plea, alleging that it had been without counsel and without defendant waiving counsel. The state merely offered the minute entry of Varnado's guilty plea on May 31, 1979, which reads:
"The defendant appeared before the bar of the court this day represented by (proper person)."
The state made no effort to prove representation by counsel or either a waiver of the same.
Defendant correctly states that the controlling law in this area is found in the case of State v. Harris, 312 So.2d 643 (La.1975), in which this Court stated:
"In remanding this case for further proceedings, we note an additional contention of the defendant. At the revocation hearing defendant's guilty plea to the charge of possession of marijuana was introduced. Defendant contended that he had pleaded guilty without the benefit of counsel; a copy of the minutes introduced at the hearing is silent on this point. The State failed to demonstrate that defendant's plea had been made with the benefit of counsel or that defendant had freely and intelligently waived his right to counsel.
"The use of such a guilty plea was in conflict with our decision in City of Monroe v. Fincher, 305 So.2d 108 (La. 1974), applying Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), to situations in which imprisonment was imposed or enhanced on the basis of prior uncounseled convictions. In City of Monroe v. Fincher, supra, we held that a prior uncounseled conviction could not be used to subject the accused to prosecution and imprisonment as a repeat offender, whether or not his sentence following that prior conviction included imprisonment. As the defendant's plea of guilty used in the instant case had been made without benefit of counsel or a waiver of the right, it could not be used as the basis for revoking defendant's probation. However, this is not to hold that the underlying facts or evidence (as opposed to the conviction or plea itself), on which the prior conviction or plea is based can not be introduced at a probation revocation hearing to prove that defendant has in fact been guilty of misconduct which might constitute a violation of his probation." 312 So.2d at 644.
However, the state did not exercise it right to introduce evidence to prove the crime of possession of marijuana. It relied entirely upon the plea of guilty and conviction as a result thereof, and then rested its case without proving any underlying facts. Therefore, the only evidence before the judge was the uncounseled guilty plea which was inadmissible and could not serve as a basis to revoke relator's probation. Harris, supra.
It is therefore ordered, adjudged and decreed that the writs of certiorari, prohibition and mandamus issued herein be made peremptory and that there be judgment rendered in favor of relator, Mitchell G. Varnado, reversing the judgment of the 24th Judicial District Court for the Parish of Jefferson revoking defendant's probation and sentencing him to three years at hard labor, and that the rule for probation revocation be hereby dismissed.
REVERSED.
NOTES
[*] Honorable RICHARD H. GAUTHIER participated in this decision as Associate Justice Ad Hoc.