SHORTESS, Judge.
Carlton Pindexter was adjudicated delinquent as a multiple misdemeanor theft offender (La.R.S. 14:67) on October 19, 1981. He was thereafter committed to the Department of Corrections for a period not to exceed two years.
At the adjudicatory hearing on Petition No. 64,850, the State offered evidence of two prior misdemeanor thefts: Petition No. 53,441 dated January 12, 1981, and Petition No. 53,761 dated May 11, 1981. Defense counsel objected to the use of the judgment in Petition No. 53,441 on the grounds that it resulted from an uncounseled admission of guilt. The trial court overruled the objection and proceeded with the hearing. On appeal, defense counsel argues that the trial court erred in allowing the State to use the judgment in Petition No. 53,441 as the basis for having Carlton Pindexter adjudicated a multiple theft offender.
Absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by counsel at trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The Louisiana Supreme Court has held that an uncounseled D.W.I. conviction may not be used to enhance punishment on a subsequent offense. State v. Wiggins, 399 So.2d 206 (La.1981), State v. Franklin, 337 So.2d 1152 (La.1976), City of Monroe v. Fincher, 305 So.2d 108 (La.1974). In order to sustain the trial court’s ruling, the State must have entered into the record sufficient evidence that Carlton Pindexter knowingly and intelligently waived his right to counsel in Petition No. 53,441.
Article 96 of the Code of Juvenile Procedure provides that:
The child, with consent of the court and his parent, may waive assistance of counsel. Such waiver shall be evidenced by a writing signed by the child and his parent and filed in the record, or by a verbatim transcript of the proceedings in which the child is advised of his rights and, with the consent of his parent, waives counsel.
The State contends that at the adjudicatory hearing for the multiple offense, the entire record of the matter No. 53,441, including the verbatim transcript, was entered into evidence. We note that the transcript from Petition No. 53,441 was not contained in the record as lodged. However, our consideration of the dialogue from the hearing on Petition No. 53,441, referred to by the State in its brief, does not convince us that Carlton Pindexter or his guardian knowingly and intelligently waived his Sixth Amendment right to counsel.[1]
We do not feel that on the basis of this short discourse, we can conclude that a juvenile of twelve years of age would have sufficiently understood his right to representation through an attorney. Neither do we find an adequate showing that Carlton Pindexter or his guardian knowingly and intelligently waived his other constitutional rights by submitting to the court’s subsequent questioning.
Absent a knowing and intelligent waiver, Pindexter’s uncounseled responses in Petition No. 53,441 may not be used as a basis of an adjudication as a multiple theft offender. Therefore, the judgment of the trial court is reversed and we remand for re-sentencing consistent with the reasons set forth herein.
REVERSED AND REMANDED.

. “THE COURT: ‘Young man, under the law, you have certain rights and you’ve been told them before, but the law requires me to tell them to you again. You have the right to a lawyer, and one at no cost, if that were necessary, or desirable and you have the right to say nothing and not have that held against you, and the right to speak up if you want to. You have the right to be faced by witnesses and if so, to cross-exam those witnesses and the right to have witnesses subpoenaed in your own behalf and there is no cost to you nor to your custodian. You have every right, legal and civil in the Constitution that anyone has in any courtroom ill this country. Do you understand those things? ANSWER: Yes, Sir. THE COURT: And as his guardian, do you understand what I have told you? ANSWER: Yes.’ (Tr. pp. 3^i) Number 53,441