GUIDRY, Judge,
concurring.
I agree fully with the views expressed by my learned brother, Judge Laborde, and seize the opportunity to express my thoughts in further support thereof.
In the instant case, following defendant’s arrest on a charge of second degree battery, the trial judge conducted a full evi-dentiary hearing pursuant to the provisions of La.C.Cr.P. Art. 900 and determined, on the basis of the evidence adduced, that the defendant had violated a condition of his probation, i.e., that he refrain from criminal conduct. I carefully reviewed the transcript of the evidence taken at that hearing and find the trial judge’s determination to be eminently correct and fully supported by the record.
As stated by my learned brother, the fact that a six person jury later acquitted Blevins on the charge of second degree battery, although meriting close scrutiny, cannot and should not mandate the automatic rescission of the trial court’s initial determination that during the term of his probation, the defendant was guilty of engaging in criminal conduct.
The record before us does not reflect that the evidence surrounding the incident of December 1, 1984 presented to the trial judge at the revocation hearing and that presented to the jury differed in any material particular. Yet on the basis of this same evidence, the two triers of fact reached differing conclusions. In this regard, it is my view that an explanation for these conflicting conclusions may be found in the standard or quality of proof required in each proceeding. Before the jury the defendant is presumed to be innocent until each element of the crime charged is proven beyond a reasonable doubt. Thus, he begins the criminal trial with a clean slate. On the other hand, in a probation revocation hearing, the defendant does not begin with a clean slate although, as stated in State v. Harris, 312 So.2d 643 (La.1975), he “is entitled to certain minimal procedural protection”. Additionally, under our law, in order to revoke probation, the trial judge is only required to decide that the defendant has violated, or was about to violate, a condition of his probation. The very language of La.C.Cr.P. Art. 900 belies the necessity for proof of the essentials for revocation of probation beyond a reasonable doubt, for how could any mortal ever be satisfied beyond a reasonable doubt that a defendant was about to violate a condition of his probation.
In sum, I believe that, under La.C.Cr.P. Art. 900, it is the duty and responsibility of the trial judge to decide, on the basis of the evidence presented at the probation revocation hearing, whether the defendant has violated a condition of his probation, and this decision, once made, should not be reversed absent a showing of clear error.
For these reasons, I respectfully concur.